JOHN D. WOOD, Respondent, v. THE METROPOLITAN STREET RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, May 30, 1904.

NEGLIGENCE: Falling Railway Platform. Judgment affirmed on the authority of the case of Wood v. Railway which arose out of the same state of facts. (181 Mo. 433.)

Appeal from Cass Circuit Court.—*Hon. William L. Jarrott*, Judge.

AFFIRMED.

*Frank Hagerman* and *R. T. Railey* for appellant.

(1) Under the circumstances in this case, defendant, at time and place of accident, owed to plaintiff's wife, the duty of exercising ordinary care. Ray's Neg. Imp. Duties (Passenger), sec. 33, p. 95; 4 Elliott on

Railroad, sec. 1590, p. 2477-8-9 and cases cited; Kelly v. Railroad, 112 N. Y. 443; Laflin v. Railroad, 106 N. Y. 139; Cross v. Railroad, 69 Mich. 367; Buenemann v. Railroad, 32 Minn. 392; Railroad v. Gross. 21 S. W. 186; Moore v. Railroad, 84 Mo. 487; (2) The mere fact that the platform in controversy fell and that after the wreck some defects were found in the material, does not authorize a recovery upon the part of plaintiff. 3 Elliott on Railroads, sec. 1308 and cases cited; Sack v. Dollse, 27 N. E. 64; Pierce on Railroads, p. 383; 2 Rorer on Railroads, pp. 1200, 1201; Ray's Neg. Imp. Duties, (Personal) p. 133; Railroad v. Bates, 45 N. E. 111; Krampe v. Assn., 59 Mo. App. 283; Moss v. Railroad, 49 Mo. 170; Murphy v. Railroad, 71 Mo. 202; Roblin v. Railroad, 119 Mo. 484; Ballou v. Railroad, 5 A. & E. Railroad Cases 486. (3) The evidence discloses that large crowds had been habitually passing over this identical section which fell out, without injury. Holt v. Railroad, 84 Mo. App. 448; Assn. v. Talbot, 141 Mo. 682; Laflin v. Railroad, 106 N. Y. 136.

*Wallace, Wallace & Culbertson* for respondent.

(1) There was abundant evidence of negligence to sustain the verdict. Mullen v. St. John, 57 N. Y. 567; Thomas v. Co., 100 Mass. 156; Scott v. Dock Co., 3 Hurl. & Colt 596; Burn v. Boadle, 2 Hurl. & Colt 722; Koelsch v. Philadelphia Co., 152 Pa. St. 335; Judson v. Powder Co., 107 Cal. 549; Tally v. Ayers, 3 Sneed 677; Seiter v. Bischoff, 63 Mo. App. 167; Minster v. Railroad, 53 Mo. App. 276; Shepard v. Railroad, 20 W. R. 705; Warren v. Coffin, 2 Phila. 259; Yerkes v. Packet Co., 7 Mo. App. 265; Sharp v. Railroad, 114 Mo. 94; Jordon v. Railroad, 165 Mass. 346; Youmans v. Railroad, 44 Cal. 72; Railroad v. Philips, 49 Ill. 234; Lyons v. Rosenthal, 11 Hun 46; Railroad v. Mahone, 63 Md. 135; Simpson v. Omnibus Co., L. R. 8 C. P. 390; Kearney v. Railroad, L. R. 5 Q. B. 411; Sheridan v. Foley, 58

N. J. L. 230; Weidmer v. Railroad, 42 Hun 284; Rose v. Transportation Co., 11 Fed. 438; Hipsley v. Railroad, 88 Mo. 344; Guttridge v. Railroad, 94 Mo. 474; Swadley v. Railroad, 118 Mo. 268.

ELLISON, J.—The plaintiff is the husband of Annie Wood who was injured by falling through defendant's depot platform at what is known as its Fifteenth street depot, in Kansas City, Missouri, which is a transfer point on defendant's road where passengers change from the ordinary street car to the cars which run to Independence, Missouri, a distance of near eight miles. Mrs. Wood and her daughter had been to a "flower show" in Kansas City, October 6, 1897, and were returning to Independence. While on the platform at Fifteenth street, for the purpose of taking the Independence car, a part of the platform which was built over a ravine, fell, precipitating Mrs. Wood, her daughter, and many other passengers, to the ground below, a distance of fifteen or twenty feet. Mrs. Wood was seriously injured. She and her daughter and this plaintiff each brought suit for damages; that of this plaintiff being for loss of the services and society of his wife. Each of the cases was transferred to Cass county. They were there tried together and the jury returned a verdict for each of the plaintiffs. The daughter's case was compromised. The sum recovered by Mrs. Wood was within the appellate jurisdiction of the Supreme Court, while that recovered by this plaintiff was within the appellate jurisdiction of this court. An appeal was taken and respectively prosecuted to these courts.

The principal points relied upon for reversal are, first, that the evidence failed to make a case of negligence against defendant; and, second, that error was committed in receiving, over defendant's objection, certain evidence from a physician called in behalf of plaintiff.

The case of Mrs. Wood has been decided by the Supreme Court (181 Mo. 433), and both these points have been ruled against defendant and the judgment affirmed. We refer to that case for a detailed statement of the facts. That case fully applies to and determines this, and hence we affirm the judgment. All concur.